CASE 22—JUNE 18.

# Chrismas vs. Russell, &c.

MOTION FOR RULE IN THE COURT OF APPEALS.

1. An attorney who prays and prosecutes an appeal to the court of appeals for a non-resident defendant who has no property in this State, without causing a bond for costs to be executed, is not liable for the costs of the appellees.

2. The liability of an attorney for costs can be created only in the inferior court by directing process to issue in an action in which the plaintiff is required to give security for costs, but who has failed to do so; and the inferior court alone has exclusive jurisdiction to enforce such liability.

T. N. & D. W. LINDSEY for the motion.

JUDGE DUVALL DELIVERED THE OPINION OF THE COURT. (Judge Wood did not preside in this case.)

The appellees have filed an affidavit setting forth, in substance, that the appellant, Chrismas, was a non-resident of Kentucky at the time this appeal was prayed in the court below, and still is a non-resident; that his counsel, Messrs. Bodley & Pindell, knew the fact when they obtained the appeal and when they filed the record in this case; that they filed the record and prosecuted the appeal without causing a bond for costs to be given by the appellant, who owns no property in this State out of which they can make the amount of costs adjudged them by this court. And they ask a rule against the attorneys to show cause why they shall not be compelled to pay the costs of the appellees.

This remedy is supposed to be provided by those provisions of the Civil Code which relate to "security for costs," contained in chapter 1 of title XIV.

Section 684 declares that a "plaintiff who is a non-resident of this State, or a corporation other than a bank created by the laws of this State, before commencing an action, shall file in the clerk's office a bond of a sufficient surety, to be approved by the clerk, for the payment of all costs which may accrue in the action, in the court in which it is brought, or in any other to which it may be carried, either to the defendant or to the officers of the courts." The subsequent sections of the chapter have no special bearing upon this case, except the last, (sec. 689,) which provides that "where process is issued in an action by the direction of an attorney for a plaintiff who is required, by the first section of this chapter, to give security for costs, but who has failed to do so, the attorney shall be liable as surety for the costs of the action until a bond is given; and his liability may be enforced by orders of court, and by proceedings as for contempt, if they are not obeyed.

The appellees, Russell and others, were the plaintiffs in the action below, and Chrismas was defendant. Judgment was rendered against the latter, and he brought the case to this court. Was he, being a non-resident, bound to give security for the costs of the appeal, or are his attorneys liable, under either or both the sections quoted?

It is very clear that those sections impose no such duty or liability upon either. The provisions of both sections apply exclusively, and in direct terms, to a *plaintiff* who is a non-resident, or a corporation, &c. Such plaintiff is, by the first of the two sections, required to give the bond with surety for costs; and by the second, where process is issued in the action by direction of the attorney for such plaintiff who has failed to give the required bond, then the attorney becomes liable as surety for the costs of the action, in the court in which it may be brought, or in any other to which it may be carried.

It is true that by section 883 of the Code, "the appellant (in this court) may be required to give security for costs under the same circumstances that plaintiffs in civil actions may be so required." But there is nothing in this section which can be construed to impose any liability upon the attorney for such appellant, in case the latter should fail to give the required

security; and except the two sections, 684 and 689, we know of no statute or rule of practice which renders an attorney for a party, either in this or in any inferior court, liable for costs.

2. But even if this were a case in which the liability was shown to exist, this court would have no power to enforce it.

It is not very certain whether the section (684) which requires the plaintiff to give bond for all costs that may accrue in the action, in the court in which it is brought, or *in any other to which it may be carried*, refers to any other circuit court to which the action may be carried by change of venue, or to the court of appeals, to which the action may be carried by appeal. Whatever may be the proper construction and effect of the section, it is clear that the liability of the attorney for costs can be created only in the inferior court, by directing process to issue in an action in which the plaintiff is required by the first section of the chapter to give security for the costs, but who has failed to do so. It results that the inferior court alone has, and should properly have, exclusive jurisdiction to enforce such liability. It will be seen at once that the facts upon which the liability of the attorney is made to depend, are such as can be appropriately inquired into only by the court of original jurisdiction.

For these reasons the rule asked for cannot be allowed, and the motion is overruled.